IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.          Case No. 18-10041-JWB

CHARLES GANN,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for a sentence reduction. (Doc. 47.) The motion is fully briefed and ripe for decision.[1] (Doc. 49.) The motion is DENIED for the reasons stated herein.

**I.  Facts**

On August 21, 2018, Defendant entered a guilty plea to distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). (Doc. 29.) A presentence investigation report was ordered by the court. (Doc. 32.) Defendant had a criminal history score of zero, resulting in a criminal history category of I. (*Id.* ¶ 59.) After the court sustained an objection, Defendant's total offense level was recalculated to 34, resulting in a guideline range of imprisonment of 151-188 months. (Doc. 40 at 1.) On November 28, 2018, Defendant was sentenced to 165 months. (Doc. 39.)

On April 11, 2024, Defendant filed this motion seeking a sentence reduction due to an amendment to the guidelines.

---

[1] Defendant did not file a reply and the time for doing so has now passed.

1

**II.     Analysis**

Defendant seeks a reduction in his sentence on the basis that Amendment 821 to the Sentencing Guidelines provides an adjustment for zero-point offenders. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for zero-point offenders.

Defendant is a zero-point offender. (Doc. 32 ¶¶ 58–59.) However, in order to receive an adjustment under the amended guideline, Defendant must also meet other criteria. *See* USSG § 4C1.1. (stating that "if the defendant meets **all** of the following criteria" then "decrease the offense level . . . by 2 levels.") One of those requirements is that the instance offense is not a sex offense. *See* § 4C1.1(a)(5). This offense falls under the definition of a sex offense. *See* § 4C1.1(b)(2) (defining sex offense as "an offense . . . under (ii) chapter 110 of title 18.") Therefore, he is not eligible for a reduction under the amended guidelines.

**III.    Conclusion**

Defendant's motion for a sentence reduction (Doc. 47) is DENIED.

IT IS SO ORDERED. Dated this 6th day of May, 2024.

                                                                             __s/ John W. Broomes_____
                                                                             JOHN W. BROOMES
                                                                             UNITED STATES DISTRICT JUDGE